103961-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ISABEL GONZALEZ,

     Plaintiff,

vs.

ROSS DRESS FOR LESS INC.
d/b/a ROSS STORES, INC.,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Ross Dress for Less, Inc. ("Ross"), by and through the undersigned counsel, and hereby files this Notice of Removal to this Court of the above-styled civil action pursuant to 28 U.S.C. section 1446 and 28 U.S.C. section 1332, and submits the following:

1.     This action was brought by Plaintiff, Isabel Gonzalez ("Gonzalez") for Negligence Against Ross Dress for Less, Inc. Gonzalez, allegedly a resident of Miami-Dade County, Florida, asserts she was injured when "she slipped and fell on a foreign substance on the floor" while shopping at the Ross store located at 20519 So. Dixie Highway, Cutler Bay, Florida. (*See generally* Compl. (attached hereto as Composite Exhibit "A")).

2.     Plaintiff's Complaint was served on December 20, 2021. (*See id.*)

3.     Ross's Notice of Removal has been timely filed within thirty (30) days after receipt by Ross of the initial pleading setting forth the claims for relief upon which removal is based. *See* 28 U.S.C. § 1446(b).

***The Parties are Completely Diverse***

CASE NO. _____

4.      Plaintiff is a citizen of Miami-Dade County, Florida.  (See Compl. ¶ 2.)

5.      Ross is a corporation incorporated under the laws of Virginia, with its principal place located at 5130 Hacienda Drive, Dublin, CA 94568.  (See Fla. Division of Corporations Detail by Entity Name at 1, attached hereto as Exhibit "B".)  Consequently, Ross is a citizen of Virginia and California.

6.      Therefore, complete diversity of citizenship exists between Plaintiff and Ross.

### The Amount-In-Controversy Requirement is Satisfied

7.      As to satisfaction of the amount-in-controversy requirement, Gonzalez has merely alleged damages in excess of $30,000.00 to satisfy the jurisdictional bar Florida's Circuit courts. (*See* Compl. ¶ 1.).

8.      However, information contained in Plaintiff's demand letter[1] dated July 27, 2021 demonstrates Plaintiff is presently seeking "full policy limits", which in this case would be Ross's self-insured retention of $500,000.00 to settle the claim (potentially more than six (6) times the jurisdictional threshold of $75,000.00). (*See generally* Letter dated July 27, 2021, attached hereto as Exhibit "C".)

---

[1]  A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement.  *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

CASE NO. _____

9.      Moreover, Plaintiff's demand letter includes copies of medical records and medical bills allegedly incurred as a result of the injury. Plaintiff's medical bills total $112,557.58[2]. (*See id.*). Of note, these medical bills do not include "post-surgery treatment."

10.     Based on the representations made by Plaintiff concerning the total figures at issue, including the total medical expenses to date, the amount-in-controversy is requirement is clearly established.  *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

11.     Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### *The Procedural Requirements for Removal Has Been Completed by Ross*

12.     Simultaneous to the filing of this Notice of Removal, Ross has given written notice of the filing of this Notice to Plaintiffs, as required by 28 U.S.C. section 1446(d).

13.     A copy of this Notice has likewise been filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida (attached hereto as Exhibit "D"), in compliance with the requirements of 28 U.S.C. section 1446(d).

---

[2] Because of the sensitive and private nature of Plaintiff's medical bills, they have not been included herein.  However, should the Court require a copy of these documents to be filed, Ross will leave to file the medical bills under seal at the Court's request for the same.

CASE NO. _____

14.     True and correct copies of all documents that were filed in the state action are attached hereto as Composite Exhibit "A."

15.     Pursuant to 28 U.S.C. section 1441(a), venue is proper in the Southern District of Florida as the state action was filed and pending within the jurisdictional boundaries of this District.

Dated: 1/6/2022

Respectfully submitted,

_____
Jason A. Glusman, Esquire (419400)
jglusman@wickersmith.com
Daniel F. Ieraci, Esquire (124388)
dieraci@wickersmith.com
Corey D. Cohen, Esquire (1024891)
ccohen@wickersmith.com
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone:     (954) 847-4800
Facsimile:     (954) 760-9353
Attorneys for Ross Dress for Less, Inc.

CASE NO. _____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 6, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.


_____
Daniel F. Ieraci, Esquire


## <u>SERVICE LIST</u>

Robert C. Dominguez, Esquire
The Founders Law, P.A.
5881 NW 151st Street
Suite 124
Miami Lakes, FL 33014
Telephone:     (866) 822-6783
Robert@TheFoundersLaw.com
Maria@TheFoundersLaw.com