UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20069-BLOOM/Otazo-Reyes

ISABEL GONZALEZ,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.

_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant Ross Dress for Less, Inc.'s ("Defendant" or "Ross") Motion for Summary Judgment, ECF No. [16] ("Motion"). Plaintiff Isabel Gonzalez ("Plaintiff" or "Gonzalez") filed a Response, ECF No. [27], to which Defendant filed a Reply, ECF No. [29]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case arises following injuries sustained by Plaintiff when she slipped and fell while shopping at a Ross Dress for Less store located at 20519 South Dixie Highway, in Cutler Bay, Florida. In the Complaint, Plaintiff alleges that on April 29, 2021, while a business invitee at the Ross store, she "slipped and fell on a foreign substance on the floor." ECF No. [1-1] ¶ 8. As a result, she asserts a claim for negligence against Ross on six bases: (1) failure to maintain, (2) failure to warn, (3) failure to place barricades or warning signs, (4) failure to remove the foreign

substance, (5) failure to correct the hazardous condition, and (6) negligent care, maintenance, and upkeep. *Id.* ¶ 10.

Ross has moved for summary judgment upon Plaintiff's claims. In support of the instant Motion, Defendant filed its Statement of Material Fact, ECF No. [17] ("Defendant's SMF"). Plaintiff filed her Statement of Material Facts in Support of Her Response, ECF No. [24] ("Plaintiff's SMF"), and Defendant filed its Reply to Plaintiff's SMF, ECF No. [35] ("Defendant's SMF Reply").

## II.   MATERIAL FACTS

Based on the parties' respective statements of material facts in support of and in opposition to the Motion, along with the evidence in the record, the following facts are not genuinely in dispute, unless otherwise noted.

On the day of Plaintiff's fall, she and her husband arrived at the store around 11:00 a.m. ECF No. [17-2] at 21-22. It was not raining. *Id.* at 21. They went to the store for Plaintiff to exchange some shoes. *Id.* at 22. When they arrived, Plaintiff picked up a belt, and then went to get in line to exchange the shoes. *Id.* There was a woman in line behind Plaintiff, and Plaintiff's husband was behind the woman. *Id.* at 23. When she went to get in line, Plaintiff slipped. *Id.* Gonzalez testified at her deposition that she "heard that the girl from the store say what happened is that they cleaned last night, but they probably didn't clean too well." *Id.* at 25. At the time Gonzalez fell, the lights at the store were on. *Id.* Plaintiff testified that she did not see any substance on the floor but saw that the floor was slippery and very shiny. *Id.* at 26. Plaintiff testified further that her husband arrived after she was on the floor. *Id.* at 29. Plaintiff stated that the did not know if her husband saw her fall. *Id.* at 29. In Plaintiff's description, her right foot slipped and she fell toward her left side, with her left knee hitting the floor. *Id.* at 31-32. She also caught herself with

her left hand on the floor. *Id*. at 34. Plaintiff testified that she did not slip on a liquid or on an object. *Id*. at 35. She testified further that there was nothing on the floor that she slipped on but that

> [i]t was very shiny, very smooth, too smooth. Like when they put wax and they – don't put the machine very well afterwards. . . . It's smooth like when you have oil on it that is slippery. The wax does that to the floor. I know because I know how to clean floors. If you put wax and you don't put the machine enough, then the floor will be slippery.

*Id*. at 37-38.

After Plaintiff fell, the girl next to her called the manager, the manager called security, and then the rescue was called. *Id*. at 35. Plaintiff's husband took pictures. *Id*. One of the pictures shows Plaintiff on the ground with numerous shiny lit spots on the floor. ECF No. [24-2]. According to Plaintiff, she heard the manager tell her husband that "that floor was cleaned last night." ECF No. [17-2] at 41.

Plaintiff's husband, Armando Lucas Gonzalez, provided an affidavit, which states in pertinent part

> 6. While we were walking towards the register to pay for the shoes, my wife, who was walking about seven to eight feet in front of me, slipped and fell on what appeared to be excess floor wax left over by whoever had cleaned or waxed the floors. There were several areas on the floor that had leftover wax on it, and the floor was extremely slippery due to this excess wax. The excess wax left over is what caused my wife to slip and fall, and injure herself.
> [ . . . ]
> 10. While we were waiting for the paramedics to arrive, the Ross employee who appeared to be a regular store employee said, "The floors were cleaned last night by the cleaning company, and they have not cleaned up all the wax off the floor."
>
> 11. In addition to the visible, shiny spot of wax residue upon which my wife slipped and fell, there were several other areas or spots in that aisle or pathway that also appeared to be covered by left[]over wax not removed by the cleaning company. These spots were visible upon inspection as they were shiny while the other areas of the floor, which had been properly cleaned, were not shine.

ECF No. [22] ("Gonzalez Affidavit").

Ross provided the affidavits of three employees, Assistant Supervisor Marybi Viera Mendez, ECF No. [17-3], Store Protection Specialist Joel Balladares, ECF No. [17-4], and Senior Store Protection Specialist Wayne Martin, ECF No. [17-5], who each assert that he or she inspected the floor after Plaintiff fell, observed that the area was dry, and there was no liquid or any other substance on the floor where Plaintiff fell.

### III. LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th

Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## IV. DISCUSSION

Defendant seeks summary judgment on the basis that there is no evidence it had actual or constructive knowledge of the alleged substance on the ground prior to Plaintiff's fall, and on the basis that causation cannot be inferred simply because an accident happened. In addition, Defendant contends that Plaintiff cannot establish that the floors were inherently slippery, and her claim of negligence depends upon unreasonable stacking of inferences that does not create a genuine issue of material fact. Plaintiff, on the other hand, argues that there is evidence of notice, and Defendant cannot meet the high burden for summary judgment, requiring the denial of the Motion. The Court considers each argument in turn.

### A. Premises Liability Standard

The Court begins its analysis by pointing out that, in this diversity case, it must apply the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010). For that reason, the Court looks to Florida negligence law.

In a negligence claim, Florida law requires that a plaintiff prove the following four elements: (1) the defendant had a duty to conform to a certain standard of conduct, (2) the defendant breached that duty, (3) the breach of that duty caused damages to the plaintiff, and (4) the plaintiff sustained damages. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278-79 (Fla. 3d DCA 2017) (quoting *Wilson-Greene v. City of Miami*, 208 So. 3d 1271 (2017)). In a premises liability case, Defendant, as a premises owner, owes Plaintiff, as a business invitee, "a duty to exercise reasonable care to maintain [its] premises in a safe condition." *Encarnacion*, 211 So. 3d at 278; *see also Palivicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019) ("With respect to the duty element, 'a possessor of premises to which the public is invited has a legal duty to ascertain that the premises are reasonably safe for invitees.'") (citation and alteration omitted). To demonstrate a breach of that duty in a case involving a transitory foreign substance, such as this one, the Florida Legislature has mandated that the plaintiff prove the defendant had prior notice—actual or constructive—of the dangerous condition. Florida Statute § 768.0755 states, in relevant part, as follows:

> 1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755.

### i. Actual Notice

Regarding actual notice, a premises owner has actual knowledge of a dangerous condition when its employees or its agents "know[ ] of or create[d] the dangerous condition." *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001) (citing *Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730, 732 (Fla. 1961)). Defendant argues that the evidence is insufficient to support a finding that it had actual notice of the allegedly dangerous condition or transitory substance on the floor. In response, Plaintiff has not presented any evidence from which it can be inferred that Defendant created the condition on the floor or that Defendant knew about the condition prior to Plaintiff's fall. Indeed, Plaintiff does not appear to rely upon Ross's actual knowledge in establishing liability. No documentary or testimonial evidence has been presented to establish that Defendant's employees knew about a foreign substance on the floor prior to Plaintiff's fall, or that Defendant somehow created the condition on the floor. Rather, it is undisputed that it was an outside cleaning company, not a party in this case, that conducted the store cleaning.

### ii. Constructive Notice

Regarding constructive notice, Plaintiff may prove this in one of two ways: (1) "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition;" or (2) "[t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1)(a)-(b). Defendant argues that there is insufficient evidence to establish that it had constructive notice of the allegedly dangerous condition on the floor. Plaintiff responds that the statement made by a Ross employee, who Plaintiff identifies as an assistant manager, that "[t]he floors were cleaned last night by the cleaning company, and they have not cleaned up all the wax off the floor," supports that the condition

7

existed for a sufficient amount of time and that it occurred with regularity. As such, it was foreseeable.

Upon review, however, the Ross assistant manager's statement alone does not support that the alleged condition occurred with regularity and was therefore foreseeable. Plaintiff has provided no evidence of any other instance of a failure to clean wax off the floor, or any other falls caused by wax that was not cleaned off the floor. Instead, Plaintiff argues that the Court may conclude that § 768.0755(1)(b) is satisfied because the assistant manager came to the conclusion that the cleaning crew had not properly buffed the floor wax immediately, and that nightly floor cleaning with a buffer machine was a regularly scheduled event. However, the inferences Plaintiff urges the Court to draw are not supported by evidence in the record. *See Palavacini*, 787 F. App'x at 1013-14 (rejecting conclusion of constructive notice that would requiring drawing inferences not supported by the record).

Defendant argues that there is no evidence to show the existence of a spill, substance, or otherwise dangerous condition on the floor or Ross's constructive knowledge, given that Plaintiff testified that she did not know what she slipped on and that she did not see or feel any liquid on the floor when she fell. Defendant asserts, relying on the three Ross employees' affidavits, that there was nothing on the floor in the area where Plaintiff fell. Defendant draws support from *Feinman v. Target Corp.*, No. 11-cv-62480-CIV, 2012 WL 6061745, at *6 (S.D. Fla. Dec. 6, 2012), in which the court granted summary judgment, and urges this Court to do the same. In *Feinman*, the plaintiff slipped and fell, and although she did not know what she slipped on, she testified that she felt something was under her shoe. 2012 WL 6061745, at *1. There, plaintiff presented her husband's testimony that she told him she had felt something under her shoe, but the plaintiff's husband admittedly did not look at the floor where his wife had fallen. *Id*. at *2-3. In

8

addition, two of the defendant's employees testified that they had not seen anything on the floor in the area where the plaintiff fell. *Id*. at *3. Based on this evidence, the court in *Feinman* concluded that there was no genuine issue of material fact, noting that "[n]either [plaintiff] nor her husband, who is a co-plaintiff, have any idea what caused her to fall, except that she felt 'something' under her shoe[,]" and "[f]or their part, Plaintiffs have no idea what caused Mrs. Feinman to fall and there is no record evidence of any other person, employee, or customer who made such an observation." *Id*. at *4-6.

However, *Feinman* is distinguishable from the facts presented in this case. Here, Plaintiff has presented the Gonzalez Affidavit, in which Plaintiff's husband states that Plaintiff "slipped and fell on what appeared to be excess floor wax," that there "were several areas on the floor that had leftover wax on it," and that after his wife fell, a Ross employee said that "[t]he floors were cleaned last night by the cleaning company, and they have not cleaned up all the wax off the floor[,]" and Plaintiff's husband observed additional shiny wax spots on the floor. ECF No. [22] ¶¶ 6, 10-11. Unlike in *Feinman*, where neither the plaintiff nor her husband provided any evidence of what the plaintiff slipped on, here there is some evidence of a substance on the floor.

Nothwithstanding, a plaintiff's "right to recover in a slip and fall case requires more than a showing simply that the surface upon which the injured fell was slick, smooth, or wet." *Feinman*, 2012 WL 6061745, at *6 (quoting *Williams v. Holland*, 205 So. 2d 682, 683 (Fla. 1st DCA 1968)). "When considering whether there is an issue of fact for submission to a jury in transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred." *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017) (quoting *Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892, 894 (Fla. 3d DCA 2016)). "[T]he mere presence of the substance on the floor is not enough; the record must have additional facts to create

9

a permissible inference about the time the foreign substance had been on the floor . . . without this evidence, a finding of negligence would be sheer speculation." *Ayers v. Wal-Mart Stores, E., L.P.*, No. 15-24663-CIV-GAYLES, 2017 WL 747541, at *2 (S.D. Fla. Feb. 27, 2017).

Defendant argues that the Gonzalez Affidavit is conclusory and does not provide sufficient facts to be probative. Defendant relies upon *Wright v. Greensky, Inc*. for the proposition that "conclusory allegations without specific supporting facts have no probative value." ECF No. [29] at 3 (citing *Wright v. Greensky*, No. 20-cv-62441, 2021 WL 2414170, at *15 n.13 (S.D. Fla. June 14, 2021)). Defendant emphasizes that the Gonzalez Affidavit does not describe the individual who made the statement or the context in which the statement was made. Defendant further points out that the Gonzalez Affidavit conflicts with the other Ross employees' affidavits in this case, Plaintiff's testimony, and her discovery responses. Defendant, however, cites no authority to support the position that an affidavit must provide the level of specificity or detailed context. In addition, whether the Gonzalez Affidavit is inconsistent with either Plaintiff's testimony or the facts as described by other Ross employees is not the type of inconsistency that would render the Gonzalez Affidavit incompetent evidence, or otherwise support summary judgment here. Plaintiff identified her husband as a person to have knowledge of the issues in this lawsuit, specifically stating that "[h]e was right behind me and saw me fall." ECF No. [30-1] at 6. Defendant has not filed the deposition of the Plaintiff's husband, and it appears that Defendant, unlike the defendant in *Feinman*, did not depose Plaintiff's husband. The Court notes that the case law Defendant relies upon speaks of inconsistencies in a witness's *own* testimony. *See Versfelt v. Sanza Food Serv., LLC*, No. 20-61423-CIV-ALTMAN/Hunt, 2022 WL 479881, at *14 (S.D. Fla. Feb. 16, 2022) (rejecting plaintiff's declaration, which was inconsistent with plaintiff's own prior testimony).

Defendant's reliance upon *Publix Supermarkets, Inc. v. Schmidt*, 509 So. 2d 977 (Fla. 4th DCA 1987) and *Partelow v. Edgar*, 219 So. 2d 72 (Fla. 4th DCA 1969) is similarly misplaced.

In *Schmidt*, the plaintiff slipped and fell on the floor while shopping and neither the plaintiff nor any of the other witnesses, including the plaintiff's husband, testified that they had seen anything on the floor. 509 So. 2d at 978. The only evidence presented by the plaintiff was that she thought she had slipped on grease, and a former employee's testimony that he had seen spots on the floor in the past that he believed were gravy that had dripped from a food tray. *Id*. The court concluded that this evidence was insufficient to overcome summary judgment, since the conclusion that the condition that caused the plaintiff to slip may have been gravy on the floor was merely speculative. *Id*. In this case, Plaintiff's husband asserts that there was "a shiny spot of wax residue" upon which his wife slipped and fell. ECF No. [22] ¶ 11.

In *Partelow*, the plaintiff slipped and fell on the terrazzo floor at a dress shop but did not present any evidence of a foreign substance applied onto the terrazzo, or any defect in the floor caused by wear and tear. 219 So. 2d at 73. The evidence the plaintiff relied upon was that she was told before and after her fall that the floor was slippery, she described the floor as "highly polished," and that the dress shop owner's mother "'might' have made some comment three weeks prior to plaintiff's fall that there was at that time too much wax on the floor[.]" *Id*. The court concluded that the record did not establish negligence because the record evidence established a properly maintained floor alleged to be slippery. *Id*. By contrast, here there is evidence, through the Gonzalez Affidavit, that there was wax on the floor and not simply that Plaintiff fell on a slippery floor.

Plaintiff argues further that § 768.0755(1)(a) is satisfied here based on the Ross employee's statement that floor cleaning of the store occurred at night, supporting the inference that the wax

11

had been on the floor overnight and into the late morning, when Plaintiff went to the store with her husband and fell. Based on the record in this case, the reasonable inference to be drawn is that the wax remained on the floor overnight and most of the morning until Plaintiff was in the store and fell. Notably, Defendant has not presented any inconsistent testimony given by Plaintiff's husband. In urging the Court to discount the Gonzalez Affidavit based upon its inconsistency with Plaintiff's testimony and three affidavits given by other Ross employees, Defendant asks the Court to do what it may not at the summary judgment stage – weigh the evidence. *See A.L. by and through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (stating that at summary judgment, "[t]he court does not weigh conflicting evidence or determine the credibility of witnesses.") (citations omitted).[1]

Accordingly, Defendant is not entitled to summary judgment on the issue of notice.

### iii.     Causation

Defendant contends that Plaintiff cannot establish the cause of her fall because she does not know what caused her fall, and the occurrence of an accident in and of itself does not give rise to an inference of negligence. Indeed, "there can be no liability for any tort unless it be shown that the defendant's act or omission was a cause-in-fact of the plaintiff's claimed injuries." *Stahl v. Metro. Dade Cnty.*, 438 So. 2d 14, 17 (Fla. 3d DCA 1983). "Causation cannot be based on the stacking of inferences or assumptions, and the mere possibility of causation is insufficient to establish liability." *50 State Sec. Serv., Inc. v. Giangrandi*, 132 So. 3d 1128, 1149 (Fla. 3d DCA 2013) (citing *Stanley v. Marceaux,* 991 So. 2d 938, 939-40 (Fla. 4th DCA 2008)).

---

[1] For the same reason, the evidence provided by Defendant in its Reply to rebut the Gonzalez Affidavit—the Declaration of Ross Operations Manager Ella Kilun and accompanying Work Order Report, ECF Nos. [30-2], [30-3]—does not support summary judgment.

Case No. 22-cv-20069-BLOOM/Otazo-Reyes

Contrary to Defendant's assertion, no stacking of inferences is required here, since Plaintiff's testimony is not the only evidence that may establish causation. In his Affidavit, Plaintiff's husband states that Plaintiff slipped and fell on what appeared to be excess floor wax, that there was a "visible, shiny spot of wax residue upon which" his wife slipped and fell; that after Plaintiff fell, a Ross employee stated that the cleaning company had not cleaned the wax off the floor. *See* ECF No. [22] ¶¶ 6, 10-11. The inference to be drawn at this stage based on this testimony is that Plaintiff in fact slipped and fell on wax that was not properly removed by the cleaning crew the night before.

"Federal Rule of Civil Procedure 56 and countless decisions applying it express the modern rule that a case should be put to the jury if there is any genuine issue of material fact, including one created solely by the testimony of a party." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). "Occasionally there is pushback against this rule, sometimes expressed in orders granting summary judgment despite what is described as the non-movant's 'unsubstantiated' or 'uncorroborated' or non-objective testimony. At other times we have seen summary judgment based on disapproval of a party's testimony as 'conclusory' when it is not." *Id*. As the Eleventh Circuit has reiterated, "when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's *version*." *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (emphasis in original). These issues of fact should be resolved by a jury. "Although the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case, '[the Court's] analysis . . . must begin with a description of the facts in the light most favorable to the plaintiff' and our decision must accept those facts." *Feliciano*, 707 F.3d at 1247 (quoting *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006)).

Case No. 22-cv-20069-BLOOM/Otazo-Reyes

Defendant's reliance upon *Hurst v. Astudillo*, 631 So. 2d 380, 381 (Fla. 3d DCA 1994) is therefore misplaced. In *Hurst*, the plaintiff was injured when he fell off a ladder, but he presented no evidence at trial of a defect in the ladder, or that the placement of the ladder created a dangerous condition. *Id*. In reversing the trial court's finding of negligence, the appellate court noted that the plaintiff's fall alone could not support a finding of negligence on the part of the defendant. *Id*. Those are not the facts before this Court. As previously noted, Plaintiff's fall is not the only evidence in the record.

Accordingly, Defendant is not entitled to summary judgment on the issue of causation.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion, **ECF No. [16]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record