UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20069-BLOOM/Otazo-Reyes

ISABEL GONZALEZ,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.

_____/

## ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendant Ross Dress for Less, Inc.'s ("Defendant" or "Ross") Omnibus Motion *in Limine* as to Unlawful and Uncollectible LOP Medical Expenses to a Medicare Recipient, ECF No. [31] (the "Motion"). Plaintiff Isabel Gonzalez ("Plaintiff" or "Gonzalez") did not file a Response. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

**I.**    **BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. [33]. In the Motion, Defendant seeks to preclude Plaintiff from introducing evidence or argument of unlawful and uncollectible LOP medical expenses to a Medicare recipient. According to Defendant, Plaintiff's past medical expenses were provided under Letters of Protection ("LOP") from her medical providers, including Alliance Spine Joint I, Inc. d/b/a Aventura Surgery Center ("ASC"), Alliance Spine & Joint II, Inc. ("Alliance"), and Santiago Figuereo, M.D., all of whom Defendant asserts accept Medicare. Plaintiff is a Medicare recipient, and as such, Defendant

contends that any expenses from ASC, Alliance, and any other practitioner that accepts Medicare but provided treatment to Plaintiff under a LOP should not be admitted as evidence at the upcoming trial.

## II.   LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the

evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III.  DISCUSSION

Defendant argues that because Plaintiff is a Medicare recipient, ASC and Alliance are Medicare providers and have not properly opted out of Medicare. As such, any evidence of medical expenses incurred pursuant to LOPs should be excluded. Defendant contends that Plaintiff's past medical expenses should be limited to the amount that may be charged to Medicare for those services.

Upon review, the Court agrees that a plaintiff generally may not recover amounts in excess of Medicare benefits received. Indeed, "[t]he appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills." *Dial v. Calusa Palms Master Ass'n, Inc.*, 308 So. 3d 690, 691 (Fla. 2d DCA 2020), *approved*, 337 So. 3d 1229 (Fla. 2022). However, here, there is no indication in

the record that Plaintiff has in fact received any Medicare benefit with respect to the medical expenses. To the extent that any of the medical expenses have been fully satisfied by Medicare, Plaintiff is precluded from introducing evidence at trial of the portion of those medical bills that exceed the amounts received by the medical providers. Nevertheless, Defendant provides no authority requiring the exclusion of evidence at trial of any portion of Plaintiff's medical bills that have not yet been paid by Medicare exceeding the limits of what Medicare would pay to fully satisfy those bills. Moreover, Defendant provides no authority to support the conclusion that Plaintiff is precluded from recovering medical expenses for care received from Alliance because Alliance failed to properly opt out of Medicare. The Court declines to exclude relevant damages evidence based upon the medical provider's potential failure to comply with applicable Medicare regulations.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [31]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record